UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID D. DAUGHERTY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　Defendant. | CAUSE NO. 1:15-cv-1574-DKL-JMS |

ENTRY

Defendant's *Motion for Reversal with Remand for Further Administrative Proceedings* [doc. 21]

The defendant Commissioner asks the Court to enter judgment reversing her denial of plaintiff David D. Daugherty's claim for declaration of a period of disability and for disability insurance benefits under the Social Security Act and remanding his claim for rehearing, reconsideration, and a new decision. The Commissioner states that, on remand, she will vacate the May 13, 2015 ALJ decision and assign Mr. Daugherty's claim to an ALJ to conduct a new hearing, during which Mr. Daugherty will be permitted to testify, submit additional evidence, and make arguments, and, after which, the ALJ will issue a new decision. (*Defendant's Memorandum in Support of Motion for Reversal with Remand for Further Administrative Proceedings* [doc. 22], ¶ 2.) The Commissioner will instruct the ALJ to (1) re-evaluate the medical evidence and opinions of record, including the evidence pertaining to fibromyalgia; (2) reassess Mr. Daugherty's credibility; and (3)

1

determine the effect of all of Mr. Daugherty's impairments on his residual functional capacity. (*Id.*)

Mr. Daugherty opposes the Commissioner's motion. He argues that the proper result is not a remand for further administrative proceedings but a judgment awarding him the benefits that he claims because the medical-opinion evidence overwhelmingly supports the fact that he is disabled and entitled to benefits. (*Response to Defendant's Motion To Remand* [doc. 23] ("*Response*").) He points to the opinions of Drs. Wulff and Ibrahim, his treating physicians; his physical therapists' functional-capacity evaluation; the opinion of Dr. Greer, the consultative physical examiner who examined him on request of the ALJ; and the opinion of Dr. Manders, the medical expert who testified at his final hearing.

The Court concludes that these opinions do not make the disability determination unequivocal. *See Briscoe* ex rel. *Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005); *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). Dr. Wulff's opinion, as described by Mr. Daugherty, does appear to be strongly in favor of disability. (*Response*, at 2.) Dr. Ibrahim's opinion, as described, appears to be based, in part, on (1) Mr. Daugherty's complaints and reports, the credibility of which is for the Commissioner to determine; (2) findings of decreased functional abilities (*e.g.*, strength, ranges of motion, joint mobility), without indication of disabling extent; (3) clinical findings (*e.g.*, soft-tissue tenderness), without indication of functional effects; (4) diagnoses (*e.g.*, fibromyalgia) that, alone, do not show disability; and (5) an opinion that Mr. Daugherty is disabled which is, first, a

determination reserved to the Commissioner and, second, apparently based on Dr. Daugherty's perceived inability to return to his previous job, not an inability to perform any other jobs. (*Id.*, at 3-4.) The physical therapist's functional-capacity evaluation, as described, does not appear to be from an acceptable medical source, is based largely on Mr. Daugherty's complaints and reports of symptoms, and an opinion of disability that, in addition to being on an issue reserved for the Commissioner, is not obviously based on the governing statutory and regulatory standards for disability. (*Response*, at 4-5.) As described by Mr. Daugherty, the consultative physical examiner's opinion that Mr. Daugherty "[c]annot work 8 hours a day" is too abbreviated to rely upon. (*Id.*, at 5-6.) Finally, the medical expert's opinion appears to be strongly in favor of disability. (*Id.*, at 6.)

Despite Mr. Daugherty's descriptions of some of the medical-opinion evidence, the context of the entire record and the Commissioner's substantive arguments on that record are essential for the Court's evaluation of opposition to the Commissioner's motion but those elements are not present and cannot be without the full briefing that the Commissioner's motion seeks to avoid. Mr. Daugherty has not shown that the result of the Court's review of his present appeal is so likely to result in an award of benefits, rather than a remand, that the Commissioner's motion should be denied and the parties should complete their briefing and proceed to judgment in the ordinary course. Therefore, the Court will grant the Commissioner's motion.

There is one *proviso* to the Court's remand. In her supporting brief, the Commissioner conceded that her ALJ did not give full consideration to the medical evidence, including some of the physicians' opinions, regarding Mr. Daugherty's fibromyalgia and this impairment's effects on his credibility and residual functional capacity. (*Brief*, ¶ 1.) The Commissioner does not contend that the ALJ failed to obtain any necessary medical-opinion evidence or otherwise failed to obtain a proper consultative physical examination or a proper medical expert for the hearing. In addition, the actions that the Commissioner states that she will take on remand and the nature of the remand proceedings that she will conduct (described above) do not include the new ALJ obtaining new consultative examinations or new expert medical opinions at the new hearing. She states that Mr. Daugherty will be permitted to testify, submit additional evidence, and make arguments and she states that the ALJ will re-evaluate the record evidence and issue a new decision. It is on these representations that the Court is entering judgment and ordering a remand. The Court is not permitting the Commissioner to use the remand as an opportunity to obtain additional medical opinions or evidence that will provide a new basis for the Commissioner to deny Mr. Daugherty's claim. Per the Commissioner's representations, the record for the Commissioner's reconsideration on remand shall consist of the existing record evidence and any additional evidence that Mr. Daugherty submits. The Commissioner states that a remand should be granted because her ALJ failed to fully consider the existing record and she states that she will offer Mr. Daugherty the opportunity to submit additional testimony, evidence, and argument. This is the scope of the Court's remand.

The Commissioner's *Motion for Reversal with Remand for Further Administrative Proceedings* [doc. 21] is **GRANTED**.  Judgment reversing the Commissioner's denial of Mr. Daugherty's claim will be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) and the claim will be remanded to the Commissioner for reconsideration consistent with the limitations described herein.

**SO ORDERED this date:**  03/17/2016

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.