UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID D. DAUGHERTY,<br><br>   **Plaintiff,**<br><br>   vs.<br><br>CAROLYN W. COLVIN, **Commissioner of** Social Security,<br><br>   **Defendant.** | CAUSE NO.  1:15-cv-1574-DKL-JMS |

ENTRY

*Defendant's Motion To Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e)*  **[doc. 26]**

The Commissioner moved to reverse her denial of plaintiff David D. Daugherty's claim for disability benefits and to remand his claim for reconsideration under the fourth sentence of 42 U.S.C. § 405(g).  *Motion for Reversal with Remand for Further Administrative Proceedings* [doc. 21].  She conceded that her ALJ's decision on Mr. Daugherty's claim "does not reflect full consideration of the medical evidence . . . ." *Defendant's Memorandum in Support of Motion for Reversal with Remand for Further Administrative Proceedings* [doc. 22].  The Commissioner stated that, on remand, her Appeals Council would vacate the ALJ's denial decision and assign Mr. Daughery's claim to an ALJ for a new administrative hearing at which Mr. Daugherty would be permitted to testify, submit additional evidence, and make arguments.  *Id.*, ¶ 2.  In addition, "[t]he ALJ will be directed to re-evaluate the medical evidence and opinions of record in accordance with Agency policy, including the evidence relating to fibromyalgia; to reassess Plaintiff's credibility; and to

1

determine the impact of all of Plaintiff's medically determinable impairments on his residual functional capacity." *Id.*

The Court granted the Commissioner's motion and entered judgment reversing the decision of the defendant Commissioner and remanding "for reconsideration consistent with the instructions in the Court's *Entry*." *Judgment* [doc. 25]. One of those instructions in the Court's *Entry* was:

> There is one *proviso* to the Court's remand. In her supporting brief, the Commissioner conceded that her ALJ did not give full consideration to the medical evidence, including some of the physicians' opinions, regarding Mr. Daugherty's fibromyalgia and this impairment's effects on his credibility and residual functional capacity. (*Brief*, ¶ 1.) The Commissioner does not contend that the ALJ failed to obtain any necessary medical-opinion evidence or otherwise failed to obtain a proper consultative physical examination or a proper medical expert for the hearing. In addition, the actions that the Commissioner states that she will take on remand and the nature of the remand proceedings that she will conduct (described above) do not include the new ALJ obtaining new consultative examinations or new expert medical opinions at the new hearing. She states that Mr. Daugherty will be permitted to testify, submit additional evidence, and make arguments and she states that the ALJ will re-evaluate the record evidence and issue a new decision. It is on these representations that the Court is entering judgment and ordering a remand. The Court is not permitting the Commissioner to use the remand as an opportunity to obtain additional medical opinions or evidence that will provide a new basis for the Commissioner to deny Mr. Daugherty's claim. Per the Commissioner's representations, the record for the Commissioner's reconsideration on remand shall consist of the existing record evidence and any additional evidence that Mr. Daugherty submits. The Commissioner states that a remand should be granted because her ALJ failed to fully consider the existing record and she states that she will offer Mr. Daugherty the opportunity to submit additional testimony, evidence, and argument. This is the scope of the Court's remand.

*Entry* [doc. 24], at 4. The Commissioner now moves to alter or amend the judgment by removing the *Entry*'s final proviso restricting the Commissioner's remand determination to the existing administrative record and any new evidence submitted by Mr. Daugherty. *Defendant's Motion To Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e)* [doc. 26] ("*Motion*").

The Commissioner argues that she should be free to gather additional evidence for two reasons. First, on remand, "agency procedures generally require the ALJ to decide whether the claimant was disabled through the date of his or her new hearing decision." *Id.*, at 3 (citing *Hearings, Appeals and Litigation Law Manual* I-2-8-18A, 1993 WL 643058). Thus, the remand ALJ must be able to develop a full evidentiary record, including obtaining new evidence, pertaining to a claimant's condition following the initial decision on his claim. Second, regarding the time period addressed in that initial decision, the Commissioner argues that the Social Security Act places no limits on her conduct of administrative hearings, including ones resulting from court-ordered remands. *Id.*, at 2 (citing 42 U.S.C. § 405(b)(1)) and 3 (citing 20 C.F.R. § 416.1483 (on a court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case.")).

To the extent that the Commissioner, on remand, considers whether Mr. Daugherty was disabled after her initial denial of his claim, then she does have the responsibility and authority to develop a full and fair record pertaining to that time

period. While the Commissioner has not persuaded the Court that the authorities she cites forbid the Court from limiting the Commissioner's augmentation of the existing record pertaining to the original time period, that is a decision for another day because Mr. Daugherty did not oppose the Commissioner's *Motion*. Therefore, the Court will alter the judgment and its *Entry* as requested by the Commissioner.

The *Entry on Defendant's Motion for Reversal for Further Administrative Proceedings* [doc. 24] is hereby amended by removing the next-to-last paragraph, the one beginning with the sentence "There is one *proviso* to the Court's remand." The judgment will be altered and reissued accordingly.

The *Defendant's Motion To Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e)* [doc. 26] is **GRANTED**.

**SO ORDERED this date:** 05/26/2016

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.